Our first case this afternoon is the case of In Re the Marriage of Jacqueline Parrick versus Paul Parrick. We have Mr. Kyle Stevens for the appellant and we have Mr. Heath for the appellant. Okay. Sorry for the appellee. And you may begin, Mr. Stevens. May it please the court, opposing counsel, my name is Kyle Stevens and I represent the respondent, Mr. Paul Parrick. Mr. Parrick was formerly married to Ms. Snyder. The parties were divorced in Crawford County, Illinois some years back. Since the time of that divorce, they have entered into various bits of litigation in Crawford County, which has ultimately resulted in an agreed order being entered in January of 2009. That order states that Mr. Parrick would pay certain amounts of child support at a certain time based upon his payment schedule, his bonus schedule, as well as educational expenses. Since the entry of the 2009 order, Mr. Parrick had filed a registration and modification action in the court of common pleas in Hancock County, Ohio. That was filed in somewhere around April 2009. Since the filing of that registration action... What does that mean, that it was registered there? There was no action to modify it, is that right? Excuse me, Your Honor. What does that mean, that register it? Through the Uniform Interstate Family Support Act, Illinois, Ohio has substantially similar acts. He has registered that action with the hopes of modifying it. But he hadn't filed a petition to modify it. Yes, there was a petition to modify and register it. It can be done jointly together. The first step is registering and then there could be hearings on modification and so on. That registration litigation in Ohio resulted in a January 2010 order being issued, which registered Section 2 of the Crawford County order. It was done in two-step registrations. Section 3 was registered at a later date, early April. But Section 2 is what we're discussing here. Now that order that registered didn't modify it, as Justice Wexton said. Was that a final order? Was that a final disposition of that in Ohio? Well, it was filed for registration. Section 2 was registered. The Uniform Interstate Family Support Act enacted by Illinois recognizes a child support order even if it is subject to modification. Any child support order would be subject to modification at a later date. But I think the important part to note for that January 2010 order by the Ohio court is where they stated that Mr. Parrott should pay all past due and future child support through the Ohio child support system. Basically, that order set up that ordered Mr. Parrott to no longer go through the Illinois system, but to now begin paying through Ohio. Mr. Uppenkamp has cited to, forgive my pronunciation, Zabel V. Konecki, an Illinois Supreme Court case. Now that case does state that even where the parties have left the state of Illinois, Illinois retains jurisdiction to enforce a child support order. But in Zabel, the important thing to note is the parties moved to Arizona and to Iowa, the children to Iowa were not. No litigation was pursued in Iowa to register, to enforce, to modify. No litigation was initiated in Arizona to do the same. To me, that's a very important fact because in Zabel, what you had was the parties, for lack of a better way of saying it, their last best chance was in Illinois. Nothing had happened in the case since Illinois, since that initial litigation in Illinois. There's a first district case, which has recently came down in the summer of 2010, titled Akula v. Akula, which I think is more analogous to what's going on here. In Akula, the parties began dissolution proceedings there in Cook County. Subsequent to the filing and litigation continuing on there, all the parties moved to India. There in India, the parties there, the father initiated custody proceedings, some ancillary things with the dissolution where the child would be educated and so on. The India court there, their family court, issued an order regarding the custody and support, et cetera, there in India. The mother then comes back to Illinois and begins to relitigate dissolution matters regarding custody, educational things, and so forth. On appeal, the father moved to dismiss that. On appeal, the first district held that because the India court had exercised continuing exclusive jurisdiction, that Illinois, therefore, was not the proper court to continue hearing that. Illinois did have orders, which they could have enforced. However, the court there found that because that continuing exclusive jurisdiction had been exercised by the India court, that Illinois no longer had that and that those orders from India were controlled. Now, Akula was under the UCCJDA, which is a different statutory scheme than the UIFSA. A lot of acronyms going on here. But the important thing to note is the section concerned in the UCCJDA and the section of the Uniform Interstate Family Support Act has substantially similar language in the sections that are being addressed here. 207 in this case, and I don't remember the number in Akula. But I think those two cases can be reconciled. Zabel can still stand easily in that where you have no parties, there's no other litigation going on, no court has exercised jurisdiction, then Illinois should certainly be able to enforce that. But where you've got a court that has exercised jurisdiction and has entered the court and has told the party, you will pay under our state, then I think that court should be able to retain its jurisdiction, should keep that jurisdiction. From an efficiency standpoint, why would Mr. Parrott or any other party for that matter come back to Illinois to litigate a contempt issue or to deal with enforcement issues when the enforcement will all be paid or done through an Ohio child support system? And it's for those reasons that we ask that the decision of the Crawford County Circuit Court be overturned by this court and that it be remanded with direction that the dismissal was proper, that Illinois no longer has continuing exclusive jurisdiction, and that that continuing exclusive jurisdiction has been transferred, if you will, to the Ohio courts. Thank you, Your Honor. Thank you, Mr. Stevens. You'll have the opportunity to rebut. Mr. Uppenkamp? May it please the court, counsel, my name is Heath Uppenkamp and I represent the appellee, Jackie Snyder. As the court has heard, on January 6, 2009, the Crawford County Circuit Court entered a child support order in this case. The question before the court today is whether the Crawford County Circuit Court was divested of its jurisdiction to enforce its order when Mr. Parrott registered that order in Ohio. This court should affirm the decision of the lower court and hold that the registration of a child support order in a sister state does not divest the issuing court of jurisdiction to enforce its order. What is the registration accomplish, then? What is the effect of having the child support order registered in another state? Your Honor, I believe it is registered, you know, Mr. Parrott registered it in Ohio so that he could modify, he could ask the court for a modification in Ohio. In this case, there has been no modification in Ohio, however, so all we have is a simple registration. If we were discussing the fact that Ohio had entered a modified child support order, we would be in a different circumstance, but we are not in this case. I would note that the child support order entered by the circuit court in Crawford County specifically provided, and I quote, the court shall retain jurisdiction over the parties hereto and the subject matter hereof for purposes of enforcing each and every term and provision of this stipulation, end quote. In other words, the parties expressly agreed that either party could seek enforcement of the Crawford County order in that court. Not only did the parties specifically agree that that court would retain jurisdiction to enforce the terms of its order, but the Illinois case law also confirms that Illinois tribunals retain jurisdiction to enforce child support orders even when all the parties reside in another state. Counsel pointed out the case that the appellee cites, which is the Zabo case, which expressly stated, as I indicated. And now, while the Zabo case did not involve the registration of a support order, there is nothing to suggest that the statement of the court would hold less weight if a order had been registered in a sister state where the parties reside. Did the Crawford County order provide that the child support payments would be paid through the Crawford County circuit clerk's office? Your Honor, I don't recall that directly. I suspect that it probably did. Is that a modification when the Ohio court says that it's to be paid through their system, or is that a modification in your opinion? I do not believe that is a modification, Your Honor. I believe that's simply an administrative part of the order. Just like in Illinois, it is an administrative part of the child support order that we pay through the state disbursement unit, I believe the equivalent in Ohio is not a modification of the child support order. The child support order that was registered had exactly the same terms. So, no, I do not believe that that constitutes a modification. Had he requested any other modifications that were not allowed by the Ohio court other than registration? I couldn't tell. The record does not reveal, Your Honor, whether the court considered modification, denied modification. The court simply registered the order. And I believe that the exact language is, the order is and has been registered in this court and said registration is confirmed. That was the quote from the Ohio court. So it didn't decide one way or another whether it's requested modification. We don't know if he requested to change custody or visitation or something like that in Ohio. I don't believe, Your Honor. I don't believe the record reflects that. There were two petitions filed in 2010. One for college expenses, which is not an issue because no registration had occurred. Is that correct? That's correct. And then there's one for the bonus. And that's the one that is in contention here. Is that correct? That is correct. Your Honor, I would argue that because the Ohio order was a simple registration of the Illinois order, that the Ohio order is the Illinois order. So when the appellant argued, as he did in his brief, that Mrs. Snyder is not without recourse because she can seek relief in Illinois under the Ohio order, the appellant is in effect conceding that the petitioner can seek relief in Illinois under the Illinois order. Hypothetically, if this court were to remand the case to the Crawford County Circuit Court, the result would be exactly the same because the two orders are exactly the same. Further, counsel for Mrs. Snyder has been unable to locate any reported case in any jurisdiction where a party has advanced the argument that the appellant is not advancing, particularly that the simple registration of a support order divests an issuing court of jurisdiction to enforce its order. Likewise, none of the cases cited by the appellant involve a party advancing that argument. To address the Azula case, that was not a simple registration of an Illinois order in India. I believe the, what would be Mr. Azula, sought additional relief and, I don't know if you'd call it a modification, but he sought additional relief and had orders entered that were simply not registrations of Illinois orders. So that case is distinguishable and should not guide the court in this particular case. The appellant points to the language of 750 ILCS 22-207 in support of his argument. In using the language of that statute, the appellant argues that the Ohio order is the controlling order. While there are no Illinois cases directly addressing the application of Section 207, common sense can be applied to understand the purpose of that section. The Illinois General Assembly and the drafters of the Act understandably wanted to avoid a situation where a party was subject to multiple conflicting orders in various states. Therefore, Section 207 provides the manner in which one order shall be deemed a controlling order. In Lundahl, which is the California case cited by the appellant, the court recognized the precise point when it said, quote, UIFSA aims to cure the problem of conflicting support orders entered by multiple courts, end quote. It's unnecessary and illogical to apply the language of Section 207 to determine a controlling order when the Illinois child support order providing for continuing jurisdiction to enforce the order has not been modified, but has simply been registered in another state. Now, in April 2010, the Ohio court did modify the child support. That's not an issue here. But going forward, all child support enforcement must now occur in Ohio. Would you agree with that? I would agree, Your Honor. If once a modification takes place, that court has jurisdiction. And there was one in April 2010. Not an issue here because we're going back to February. Correct, Your Honor. Yeah. But as I was stating, there could never be a conflict between an original order and a registered order because the two orders are the same. So Section 207 would be inapplicable. Well, let me clarify something. The Ohio order was April 13, 2010. Okay. When was the order on the bonus in Illinois? Do you know the date? I don't. Okay. I have April 24, 2010. So it was after. But the petition had been filed prior. Yeah. Okay.  Okay. In conclusion, Your Honors, because the registration of the Illinois order in Ohio without a modification of its terms did not divest the Crawford County court of its jurisdiction, the court properly denied Mr. Perry's motion to dismiss Mrs. Snyder's second petition for adjudication of indirect civil contempt. For the foregoing reasons, the decision of the Crawford County court denying Mr. Perry's motion to dismiss should be affirmed. Thank you. Thank you, Mr. Ecklund. Mr. Stephens? Thank you, Your Honors. I'll be very brief just to address a couple of the court's questions to Mr. Uppercant as well as a few of his points. First, I believe that both the January or, I'm sorry, the February order of the Ohio court and the April order of the Ohio court both ordered that the particular types of support that are addressed there should be paid through the Ohio system. That was my understanding of it. And I believe that the April order of the Ohio court also predates the filing of the second petition for indirect civil contempt, which is what is under appeal here. Mr. Uppercant? You've got your appendix on A-12, second petition for indirect civil contempt, April 1st, 2010. And in your appendix at A-54, you've got April 13th, decision of the Court of Common Pleas of Hancock County. Excuse me, Your Honor. At least in your appendix, it looks like the second petition was filed on April 1st and the Ohio order is April 13th. I think the second petition was filed later than that. It might be a typo. I would have to check. I'm not sure, Your Honor. For some reason, I thought that was filed later in April. I may be incorrect. Go ahead. Yes. Yeah, but I'm not. But in either scenario, even if the second petition was filed prior to the second order, the second order addresses only Section 3, which is regards to educational expenses. Section 2 applies to the child support for the party still minor child, his bonuses, et cetera. His bonus pay is the part of the order which addresses Section 2, which was that first order in February. Mr. Upkamp states that putting the payments under the Ohio system is just an administrative task and does not constitute a modification. However, I'm sure anyone that has failed to pay for the proper payment method and incurred 9% interest would argue that that is certainly more than just an administrative task. It clearly puts the Ohio courts in a better position to administer this because if the payments are done for Ohio, then what would be the point of having Illinois order someone to do something in Ohio? As for Mr. Upkamp's argument that no court case has advanced or recognized the argument I'm now making, this is a relatively new statutory scheme. It's just over a decade old. And just as there's no argument that clearly advances the exact argument that I'm making right now, there is no court decision that goes against it. The closest is the Bell case, which did not address the facts of any registration actions or any modifications actions. It was based solely on whether or not when a party leaves the state, does Illinois lose jurisdiction based solely on that fact. Thank you very much. Thank you, Mr. Stevens. Thank you, Mr. Upkamp. Upkamp, I'm sorry I'm having trouble with your name. Thank you for your briefs and your arguments, and we'll take the matter under advisement.